# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60383
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

HUI XU; XIAOMING XU; JUNYUE XU,

Petitioners,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 205  179  220
No. A 205  179  221
No. A 205  179  222

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hui Xu, her husband Xiaoming Xu, and their daughter Junyue Xu,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60383

natives and citizens of the People's Republic of China, applied for asylum under the Immigration and Nationality Act, withholding of removal under that Act, and withholding of removal under the Convention Against Torture, based on their nationality and political opinion.  The Immigration Judge ("IJ") made an adverse credibility finding as to Hui, the only testifying witness.  The IJ alternatively determined that even if Hui was credible, she nevertheless failed to satisfy her burdens of proof.  The IJ's decision was upheld by the Board of Immigration Appeals when it dismissed Hui's appeal.

Hui contends that the IJ's adverse credibility determination was erroneous.  We review questions of law *de novo* and factual findings for substantial evidence.  *Lopez-Gomez v. Aschroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Under the substantial-evidence standard, the decision stands unless we decide that the evidence compels a contrary conclusion.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

In making a credibility determination, the IJ may consider, *inter alia*, "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements [, and] any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C).  Because an IJ "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible," we must defer to that determination "unless it is plain that no reasonable factfinder could make" such a ruling.  *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

The IJ relied on the following factors in making his adverse credibility

No. 15-60383

determination: inconsistencies in Hui's written asylum application and her oral testimony regarding how Chinese officials learned about her second pregnancy and regarding her relatives' forced abortions and sterilizations; inconsistencies between Hui's oral testimony and the documentary evidence of conditions in Jiangsu; the unauthenticated abortion certificate; and Hui's return visits to China in 2010 and 2011 after her alleged forced abortion in 2009.  The IJ also found that Hui failed reasonably to explain the inconsistencies between her written application and her testimony.

Hui fails to show, as she must to prevail on review, that the record compels a contrary conclusion.  *See Chun*, 40 F.3d at 78.  Because the IJ based his denial of Hui's application on his adverse credibility finding, this court need not consider her arguments regarding the merits of her claims for asylum or withholding of removal.  *See id.* at 79.

The petition for review is DENIED.